UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INGRAM ENTERPRISES, INC.
d/b/a FIREWORKS OVER
AMERICA

    Plaintiff,

Case No.:  6:23-cv-818

v.

SHOWTIME FIREWORKS
ORLANDO LLC, a Florida limited
liability company; SHOWTIME
FIREWORKS & SOUVENIRS LLC, a
Florida limited liability company

    Defendants

## VERIFIED COMPLAINT

Plaintiff, INGRAM ENTERPRISES, INC. d/b/a FIREWORKS OVER AMERICA, a Missouri corporation ("Plaintiff"), by and through its undersigned attorneys, files its Verified Complaint against Defendants SHOWTIME FIREWORKS ORLANDO LLC, a Florida limited liability company and SHOWTIME FIREWORKS & SOUVENIRS LLC, a Florida limited liability company (collectively "Defendants"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action for federal trademark infringement and federal trademark counterfeiting of Plaintiff's federally registered marks under Section 32 of the Lanham

1

Act, 15 U.S.C. § 1114, federal cyberpiracy under 15 U.S.C. § 1125(d), and for common law unfair competition.

2. Plaintiff seeks injunctive and monetary relief for Defendants' infringement of Plaintiff's federally-registered trademarks arising from Defendants' unauthorized use of Plaintiff's trademarks in connection with the distribution, marketing, advertising, promotion, offering for sale, and sale of Defendants' goods and services in commerce.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim and injury occurred in this district.

## PARTIES

5. Plaintiff is a corporation with its principal place of business in Springfield, Missouri, that engages in the business of importing, selling and distributing wholesale fireworks within the United States.

6. Upon information and belief, Defendant SHOWTIME FIREWORKS ORLANDO LLC is a limited liability company with ten different locations across the State of Florida, with its principal place of business in Oviedo, Florida.

7. Upon information and belief, Defendant SHOWTIME FIREWORKS & SOUVENIRS LLC is a limited liability company with its principal place of business in Deland, Florida.

8. Pursuant to the Florida Division of Corporations, Defendant SHOWTIME FIREWORKS ORLANDO LLC and Defendant SHOWTIME FIREWORKS & SOUVENIRS LLC have the same Manager and Member, Adam Hernandez, and the same mailing addresses. The individual Defendants are one and the same and the alter ego of the other.

## FACTS

### Plaintiff and its Trademarks

9. Plaintiff has been an industry leader in the consumer fireworks industry for over fifty years and is one of the largest importers and distributors of fireworks in the United States.

10. Although Plaintiff is based in Springfield, Missouri, it has offices and distribution warehouses strategically located nationwide, including in Missouri, Indiana, and South Carolina.

11. Plaintiff is well known in the consumer fireworks industry for its high-quality products, customer service, and reliability.

12. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 1833282 on the Principal Register in the United States Patent and Trademark Office for the trademark "SHOWTIME" for class C fireworks and firecrackers (hereinafter the "'282 Mark"). Attached hereto as **Exhibit "A"** is a true

and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 1833282, which was issued by the United States Patent and Trademark Office on April 26, 1994.

13. The '282 Mark has been deemed incontestable by the United States Patent and Trademark Office within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached hereto as **Exhibit "B"** is a true and correct copy of the Notice of Acceptance/Acknowledgement under Sections 8 and 15 from the United States Patent and Trademark Office for Trademark Registration No. 1833282 dated December 7, 1999.

14. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6653781 on the Principal Register in the United States Patent and Trademark Office for the trademark "SHOWTIME" for retail store services featuring fireworks and firecrackers (hereinafter the "'781 Mark"). Attached hereto as **Exhibit "C"** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6653781, which was issued by the United States Patent and Trademark Office on February 22, 2022.

15. Plaintiff's '282 Mark and '781 Mark will be hereinafter referred to collectively as the "SHOWTIME Marks".

16. Plaintiff has used the '282 Mark in commerce throughout the United States in continuously since at least May 18, 1993 in connection with fireworks and firecrackers, and has used the '781 Mark since at least March 14, 2003 in connection with retail store services featuring fireworks and firecrackers.

17. As a result of its widespread, continuous, and exclusive use of the SHOWTIME Marks, Plaintiff owns valid and subsisting federal statutory and common law rights to the SHOWTIME Marks.

18. Plaintiff's SHOWTIME Marks are distinctive to both the consuming public and Plaintiff's trade, and Plaintiff has expended substantial time, money, and resources marketing and promoting its goods and services under the marks.

19. The connection between the SHOWTIME Marks and Plaintiff has been strengthened in the public mind because of years of extensive use, promotion and advertising by Plaintiff.

20. As a result of the high quality of the goods sold by Plaintiff, and as a result of the extensive promotion of that business, substantial goodwill has been developed in the SHOWTIME Marks.

21. As a result of the longstanding offering of goods in the consumer firework industry, as well as the use of the SHOWTIME Marks in connection with the sale of such goods, Plaintiff's brand has earned commercial success, recognition and acceptance.

22. The SHOWTIME Marks and the goodwill of the business associated therewith are of a value to Plaintiff which cannot be estimated.

23. Plaintiff has used the SHOWTIME Marks in interstate commerce throughout the United States prior to the Defendants' acts complained of in this Verified Complaint.

**Defendants' Unlawful Activities**

24. Similar to Plaintiff, Defendants are engaged in the business of selling and distributing firework products.

25. Defendants advertise their goods by, among other things, publishing a website located at www.showtimefireworksorlando.com (the "Defendants' Website"). Attached hereto as **Exhibit "D"** is a screen capture of Defendants' Website which was taken on April 24, 2023.

26. Upon information and belief, Defendants also market and advertise their goods through social media channels, including but not limited to multiple accounts on Facebook and Instagram, as described below (the "Defendants' Social Media"). Attached hereto as **Composite Exhibit "E"** are screen captures of Defendants' Facebook pages under the names "Showtime Fireworks" and "ShowtimeFireworksorlando" which were taken on April 25, 2023. Attached hereto as **Composite Exhibit "F"** are screen captures of Defendants' Instagram pages under the names "showtimefireworksorlando" and "showtime_fireworks_orlando" which were taken on April 25, 2023.

27. The Defendants' Website and Defendants' Social Media offer fireworks for sale under the mark, "Showtime Fireworks Orlando" and use the logo below (the "Infringing Mark"):



28. Defendants' use of the Infringing Mark is not authorized by Plaintiff.

29. The similarity in products offered for sale by Defendants under the Infringing Mark is likely to cause mistake and to deceive as to the affiliation, connections, or association of the Infringing Mark with Plaintiff and Plaintiff's registered SHOWTIME Marks.

30. Defendants' intent is to misleadingly divert consumers by utilizing Plaintiff's SHOWTIME Marks and exceptional reputation. Defendants have no legitimate commercial or fair use for its products offered for sale under the Infringing Mark. Defendants' only use is to confuse customers and prospective customers of Plaintiff.

31. Plaintiff first became aware of Defendants' use of the Infringing Mark on August 9, 2021 when it received one of Defendants' flyers from a business competitor. Attached hereto as **Exhibit "G"** is a true and correct copy of the Defendants' flyer received by Plaintiff from a business competitor.

32. Upon initially discovering the infringement, Plaintiff sent Defendant SHOWTIME FIREWORKS ORLANDO LLC a cease-and-desist letter on August

31, 2021. Attached hereto as **Exhibit "H"** is a true and correct copy of Plaintiff's cease and desist letter to Defendant SHOWTIME FIREWORKS ORLANDO LLC dated August 31, 2021.

33. Defendants have refused to cease and desist their infringing activity which they have been on notice of since Defendant SHOWTIME FIREWORKS ORLANDO LLC's receipt of Plaintiff's cease and desist letter dated August 31, 2021.

34. Because of Defendants' notice and knowledge of Plaintiff's rights in and to the SHOWTIME Marks, Defendants' continued infringement is willful.

35. Upon information and belief, Defendants' products offered under the Infringing Mark are inferior to those offered by Plaintiff and continue to damage and dilute the goodwill that Plaintiff has developed in connection with offering its goods under the SHOWTIME Marks.

36. By using the Infringing Mark and offering firework products under a nearly identical mark to those offered by Plaintiff, Defendants have caused and continue to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendants with Plaintiff.

37. Defendants, upon information and belief and with full knowledge of Plaintiff's SHOWTIME Marks, intended to, and did, trade on the goodwill associated with Plaintiff, and have misled and will continue to confuse, deceive, and mislead the public in this regard.

## COUNT ONE

**Federal Trademark Infringement of the '282 Mark Under 15 U.S.C. § 1114**

38. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37.

39. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Plaintiff's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

40. Defendants' use of the Infringing Mark violates Section 43(a) of the Lanham Act, 15 U.S.C §1114(1). Plaintiff is entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiff is entitled to an award of reasonable attorneys' fees as this case is exceptional.

41. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's '282 Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to the Defendants.

42. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT TWO

**Federal Trademark Infringement of the '781 Mark Under 15 U.S.C. § 1114**

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37.

44. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Plaintiff's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

45. Defendants' use of the Infringing Mark violates Section 43(a) of the Lanham Act, 15 U.S.C §1114(1). Plaintiff is entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiff is entitled to an award of reasonable attorneys' fees as this case is exceptional.

46. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's '781 Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's products to the Defendants.

47. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT THREE

### Common Law Unfair Competition - '282 Mark

48. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37 and 39-42.

49. Defendants' use of the Infringing Mark as alleged herein in connection with the sale, offering for sale, distribution, and advertising of its goods is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, manufacture, origin, distribution or approval of the Defendants' goods.

50. Defendants' unauthorized use of the Infringing Mark constitutes common law unfair competition. As a result of such violation, the Defendants have caused damage to the Plaintiff, and Plaintiff is entitled to all proper relief.

## COUNT FOUR

### Common Law Unfair Competition - '781 Mark

51. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37 and 44-47.

52. Defendants' use of the Infringing Mark as alleged herein in connection with the sale, offering for sale, distribution, and advertising of its goods is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, manufacture, origin, distribution or approval of the Defendants' goods.

53. Defendants' unauthorized use of the Infringing Mark constitutes common law unfair competition. As a result of such violation, the Defendants have caused damage to the Plaintiff, and Plaintiff is entitled to all proper relief.

## COUNT FIVE

**Trademark Counterfeiting of the '282 Mark Under 15 U.S.C. § 1114(1)(a)**

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37 and 39-42.

55. Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

56. Defendants have intentionally used the Infringing Mark with knowledge that the mark is a counterfeit mark, as the term is defined in 15 U.S.C. § 1116, in connection with the sale, offering for sale, or distribution of goods or services in commerce.

57. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT SIX

**Trademark Counterfeiting of the '781 Mark Under 15 U.S.C. § 1114(1)(a)**

58. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37 and 44-47.

59. Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

60. Defendants have intentionally used the Infringing Mark with knowledge that the mark is a counterfeit mark, as the term is defined in 15 U.S.C. § 1116, in connection with the sale, offering for sale, or distribution of goods or services in commerce.

61. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT SEVEN

### Federal Cyberpiracy Under 15 U.S.C. § 1125(d)

62. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37.

63. The Defendants' domain name www.showtimefireworksorlando.com is nearly identical to or confusingly similar to Plaintiff's SHOWTIME Marks.

64. Upon information and belief, the domain name www.showtimefireworksorlando.com was registered with a bad faith intent to profit on Plaintiff's SHOWTIME Marks.

65. Defendants' aforesaid registration and use of the internet domain name www.showtimefireworksorlando.com constitutes cyberpiracy under Section 43(d) of the United States Trademark Act, 15 U.S.C. § 1125(d); therefore, Plaintiff requests the

Court order the transfer of the Defendants' domain name to Plaintiff, or in the alternative, forfeiture or cancellation of the Defendants' domain name.

## INJUNCTION

1. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-37.

2. As a result of Defendants' acts, Plaintiff has and will continue to sustain great and irreparable injury.

3. Defendants' conduct has caused immediate and irreparable harm to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

4. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, treble damages, statutory damages, enhanced damages and profits, forfeiture or cancellation of the Defendants' domain name or the transfer of the Defendants' domain name to Plaintiff, reasonable attorneys' fees, and costs of the action.

**WHEREFORE**, Plaintiff requests judgment against all Defendants on each and every claim for relief set forth above and an award of relief as follows:

a) A preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

(i) from causing likelihood of confusion, or causing mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff

or the SHOWTIME Marks, or as to the origin, sponsorship, or approval of its goods or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the SHOWTIME Marks, or Plaintiff's forms of advertisement;

(ii) from directly or indirectly falsely designating or representing that any services are authorized, approved, associated with, or originating from Plaintiff;

(iii) from directly or indirectly using the SHOWTIME Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

(iv) from utilizing the SHOWTIME Marks or any confusingly similar variant in any shape or manner;

(v) from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the SHOWTIME Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

(vi) to destroy or cause to be destroyed all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or

control and which bear the SHOWTIME Marks or any confusingly similar variant;

(vii) to notify their direct customers, agents, and representatives that the SHOWTIME Marks or any confusingly similar variant are not connected with Plaintiff;

(viii) to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with; and for:

b) Restitution and disgorgement;

c) Damages, pursuant to 15 U.S.C. § 1117(a), 15 U.S.C. § 1117(b), 15 U.S.C. § 1117(c) and 15 U.S.C. § 1117(d) including but not limited to statutory and treble damages, in an amount to be determined at trial;

d) Defendants' profits from any and all sales derived during all periods of wrongful use of the Infringing Mark;

e) A finding that Defendants' infringement is willful and a determination that this case is exceptional;

f) Punitive damages to the full extent available under the law;

g) Attorneys' fees pursuant to statute;

h) Prejudgment interest;

i) The transfer to Plaintiff of any and all internet domains incorporating the Infringing Mark; or in the alternative, the forfeiture or cancellation of all of Defendants' internet domains incorporating the Infringing Mark, including but not limited to the Defendants' domain name www.showtimefireworksorlando.com;

j) The transfer to Plaintiff of any social media accounts incorporating the Infringing Mark; and

k) Such other interlocutory and permanent relief as this court may deem appropriate.

Dated:  May 4, 2023

Respectfully submitted,

*/s/ Mark Warzecha*
Mark F. Warzecha
Florida Bar No. 0095779
Jessica Honeycutt
Florida Bar No. 1025604
**WIDERMAN MALEK, PL**
1990 West New Haven Ave., Suite 201
Melbourne, FL  32904
Phone: (321) 255-2332
Fax: (321) 255-2351
MFW@USLegalTeam.com
JHoneycutt@USLegalTeam.com
**Attorneys for Plaintiff**

## **VERIFICATION**

STATE OF ___Missouri___

COUNTY OF ___Green___

Michael Ingram, being duly sworn, deposes and says:

1. I am the President of Ingram Enterprises, Inc. d/b/a Fireworks Over America.
2. I have read the foregoing Verified Complaint and its factual contents are true to my personal knowledge, except as to those matters alleged therein to be upon information and belief, and as to those matters, I believe them to be true.

                                                              Michael Ingram as President of
                                                              Ingram Enterprises, Inc.

Sworn to before me this __1__ day of ~~April~~ May 4th, 2023

LORI BETH HASWELL
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Mar. 21, 2027
Commission #19077112

___Lori Beth Haswell___
Notary Public

18